```
                 IN THE UNITED STATES DISTRICT COURT
                 FOR THE SOUTHERN DISTRICT OF TEXAS
                            HOUSTON DIVISION

OMRI SHAFRAN,                       §
                                    §
       Plaintiff,                   §
                                    §
v.                                  §      CIVIL ACTION NO. H-15-140
                                    §
ITAY AVITAL,                        §
                                    §
       Defendant.                   §
```

MEMORANDUM AND ORDER

Pending is Defendant Itay Avital's Motion to Dismiss Under FED. R. CIV. P. 12(b)(6) (Document No. 3). After carefully considering the motion, response, reply, and applicable law, the Court concludes as follows.

I. Background

Plaintiff Omri Shafran ("Plaintiff") brings this action for an accounting and for damages arising from a real estate "flip" transaction conducted by Plaintiff, Defendant Itay Avital ("Defendant") and Tomir Poleg ("Poleg"), acting together as partners or joint venturers. The earnest money contract, initially acquired by Poleg, was for the purchase of property at 14200 Gulf Freeway in Houston, Texas (the "Property"), for $5.4 million.[1] Plaintiff alleges that he, Defendant, and Poleg formed either a partnership or a joint venture, wherein they would "work together

---

[1] Document No. 1-1 ¶ 6 (1st Am. Pet.).

to 'flip' the deal by effectuating an assignment of the purchaser's rights to a third party and share any and all proceeds that arose from the 'flip.'"[2] At first, they all agreed that Defendant and Poleg would each receive 25% of the proceeds and Plaintiff and one of his former partners would receive 50% of the proceeds, but Defendant, who identified the eventual buyer, later objected to this division of the proceeds because he claimed he was working harder than Plaintiff and Poleg.[3] The parties then agreed that the proceeds from the transaction would be divided evenly, with Plaintiff, Defendant, and Poleg each receiving one-third.[4] Plaintiff alleges that Defendant also was to seek from the buyer arrangements for additional future compensation to be derived from the Property, which also was to be equally divided three ways.[5] Eventually, ABB WS, LLC ("ABB") purchased the earnest money contract,[6] and Plaintiff, Defendant, and Poleg equally divided the profit among them.

After the sale of the Property closed and the proceeds were evenly divided, Plaintiff alleges that he and Poleg learned that

---

[2] Id. ¶ 7.

[3] Id. ¶¶ 8-10.

[4] Id. ¶ 10.

[5] Id. ¶ 8.

[6] Id. ¶ 9.

Defendant had cut a side deal with ABB,[7] in which ABB agreed to give Defendant 10% of the profits from ABB's sale or disposition of the Property in exchange for Defendant's role in brokering such a deal.[8]  Additionally, Plaintiff alleges that Defendant acted as a manager of ABB from 2007 to 2011, an inherent conflict of interest that Defendant did not disclose to Plaintiff and Poleg.[9]

Plaintiff further alleges that the agreement between Plaintiff, Defendant, and Poleg gave rise to an ongoing business arrangement among the three participants, in the form of either a partnership or joint venture, to be carried out over a potentially long period of time as income was received from the Property's rents, operations, and a possible resale of the Property.  Thus, presumably after learning of Defendant's role in ABB, Plaintiff and Poleg regularly asked Defendant if there were any profits from the Property, and Defendant repeatedly denied that there were any profits and eventually, in response to further requests for this information, cut off communication with Plaintiff and Poleg.[10]

---

[7] Id. ¶¶ 11-12.

[8] Id. ¶ 12.

[9] Id. ¶ 13.

[10] Id. ¶¶ 14-15.  Plaintiff specifies that he and Poleg requested to see the profit and loss statements of ABB "to determine whether there had, in fact, been profits from or other proceeds related to the Gulf Freeway Property." Id.

Plaintiff's First Amended Petition alleges the following causes of action: (1) suit for accounting, (2) breach of fiduciary duty, (3) fraud and fraudulent concealment, (4) conversion, (5) breach of partnership agreement, and (6) money had and received.[11] Defendant filed a counterclaim,[12] and presently moves to dismiss each of Plaintiff's causes of action.[13]

## II. Legal Standard

Rule 12(b)(6) provides for dismissal of an action for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). When a district court reviews the sufficiency of a complaint before it receives any evidence either by affidavit or admission, its task is inevitably a limited one. *See* Scheuer v. Rhodes, 94 S. Ct. 1683, 1686 (1974), *abrogated on other grounds by* Harlow v. Fitzgerald, 102 S. Ct. 2727 (1982). The issue is not whether the plaintiff ultimately will prevail, but whether the plaintiff is entitled to offer evidence to support the claims. Id.

In considering a motion to dismiss under Rule 12(b)(6), the district court must construe the allegations in the complaint favorably to the pleader and must accept as true all well-pleaded

---

[11] Id. ¶¶ 17-33.

[12] Document No. 5. The allegations in Defendant's counterclaim are based on a completely separate dispute between the parties.

[13] Document No. 3.

facts in the complaint. *See* <u>Lowrey v. Tex. A&M Univ. Sys.</u>, 117 F.3d 242, 247 (5th Cir. 1997). To survive dismissal, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." <u>Bell Atl. Corp. v. Twombly</u>, 127 S. Ct. 1955, 1974 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949 (2009). While a complaint "does not need detailed factual allegations . . . [the] allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." <u>Twombly</u>, 127 S. Ct. at 1964-65 (citations and internal footnote omitted).

### III. <u>Discussion</u>

A. <u>Suit for Accounting</u>

Plaintiff alleges that the agreement among him, Defendant, and Poleg "gave rise to a joint enterprise, joint venture, or general partnership."[14] Under Texas law, "[a] partner may maintain an action against the partnership or another partner for legal or equitable relief, including an accounting of partnership business

---

[14] Document No. 1-1 ¶ 16.

. . ." TEX. BUS. ORGS. CODE ANN. § 152.211. If the parties were in a partnership or joint venture, as Plaintiff alleges they were, then Plaintiff alleges sufficient facts to state a claim for an accounting, and Defendant's motion to dismiss that claim is without merit.

B.   Breach of Fiduciary Duty

Plaintiff alleges that Defendant owed him a fiduciary duty as a partner or, alternatively, a joint venturer.[15] Defendant argues Plaintiff's claim for breach of fiduciary duty should be dismissed because in the context of a business transaction, a fiduciary duty must arise prior to, and apart from the agreement made the basis of the lawsuit.[16] The breach of fiduciary duty alleged here, however, is the duty owed by one partner to another. "Partners owe each other and their partnership a duty in the nature of a fiduciary duty in the conduct . . . of partnership business, and are liable for a breach of that duty." M.R. Champion, Inc. v. Mizell, 904 S.W.2d 617, 618 (Tex. 1995); *see also* Hughes v. St. David's Support Corp., 944 S.W.2d 423, 425 (Tex. App.-Austin 1997, writ denied), writ denied (Jan. 16, 1998) ("It is well established that partners are charged with a fiduciary duty."). At this pleading stage, the claim survives.

---

[15] Document No. 1-1 ¶ 22.

[16] Document No. 3 at 6.

C.   <u>Fraud and Fraud by Nondisclosure</u>[17]

To support his fraud claim, Plaintiff alleges that Defendant "represented to Shafran that no profits or proceeds were earned from the Gulf Freeway Property" and that Plaintiff "did rely and act on such representation by not further investigating whether profits or proceeds were earned, and by not demanding his share of the profits and proceeds."[18] Defendant argues that Plaintiff's fraud claim should be dismissed because the alleged acts of reliance "occurred after the earnest money contract was assigned, and involve no apparent change of legal or financial position by Shafran."[19]

The elements of fraud are: (1) a material representation was made; (2) the representation was false; (3) when the representation was made, the speaker knew it was false or made it recklessly without any knowledge of the truth and as a positive assertion; (4) the speaker made the representation with the intent that the other party should act upon it; (5) the party acted in reliance on the representation; and (6) the party thereby suffered injury. <u>Italian Cowboy Partners, Ltd. v. Prudential Ins. Co. of America</u>,

---

[17] Both parties refer to the latter claim as "fraudulent concealment," but apply the legal standard for fraud by nondisclosure. The Court therefore construes Plaintiff's First Amended Petition as pleading a claim for fraud by nondisclosure.

[18] Document No. 1-1 ¶ 26.

[19] Document No. 3 at 4.

341 S.W.3d 323, 337 (Tex. 2011). A party cannot be said to rely on a misrepresentation received after the action allegedly taken in reliance upon that misrepresentation. See Greenlee Enterprises, Inc. v. Compass Bank, N.A., No. 05-10-00490 CV, 2011 WL 6209192, at *9 (Tex. App.-Dallas Dec. 5, 2011, no pet.). Plaintiff fails to state a claim for fraud because, as pled, his petition does not allege that he acted in reliance on Defendant's representation that no profits or proceeds were earned from the property and that as a result he suffered injury.

Similarly, to state a claim for common law fraud by nondisclosure, Plaintiff must allege "that the [defendant] concealed or failed to disclose a material fact that they knew [plaintiff] was ignorant of or did not have the opportunity to discover, that the [defendant] intended to induce [plaintiff] to take some action by concealing or failing to disclose the material fact, and that [plaintiff] suffered as a result of acting on [defendant's] nondisclosure." Dorsey v. Portfolio Equities, Inc., 540 F.3d 333, 341 (5th Cir. 2008).[20]

---

[20] See also CDI Corp. v. GT Solar Inc., CIV.A. H-11-3487, 2013 WL 873785, at *2 (S.D. Tex. Mar. 7, 2013) (Rosenthal, J.), in which the elements are stated as follows:

> (1) a party conceals or fails to disclose a material fact within the knowledge of that party; (2) the party knows the other party is ignorant of the fact and does not have an equal opportunity to discover the truth; (3) the party intends to induce the other party to take some action by concealing or failing to disclose the fact; and (4) the

Again, Defendant moves for dismissal because Plaintiff has failed to plead facts establishing reliance.[21] "Reliance is an element of fraud. Fraud by non-disclosure is simply a subcategory of fraud because, where a party has a duty to disclose, the non-disclosure may be as misleading as a positive mispresentation of facts." Schlumberger Tech. Corp. v. Swanson, 959 S.W.2d 171, 181 (Tex. 1997) (internal citations omitted).

As with Plaintiff's fraud claim discussed above, Plaintiff fails to state a claim for fraud by nondisclosure because he does not allege that he took some action in reliance on the nondisclosed fact that Plaintiff had earned additional profits or proceeds from the Property and that Plaintiff as a result of his action suffered some injury.

D. Conversion

Plaintiff alleges that he has a conversion claim for one-third of the profits and proceeds derived from the Property.[22] Defendant argues that Plaintiff's conversion claim should be dismissed because it is a claim for a percentage of profits from the

---

    other party suffers injury as a result of acting without knowledge of the undisclosed fact."

[21] Document No. 3 at 5.

[22] Id. ¶ 29.

9

Property.[23] "To establish a claim for conversion of personal property, a plaintiff must prove that: (1) the plaintiff owned or had legal possession of the property or entitlement to possession; (2) the defendant unlawfully and without authorization assumed and exercised dominion and control over the property to the exclusion of, or inconsistent with, the plaintiff's rights as an owner; (3) the plaintiff demanded return of the property; and (4) the defendant refused to return the property." Smith v. Maximum Racing, Inc., 136 S.W.3d 337, 341 (Tex. App.-Austin 2004, no pet.) (citations omitted). "Where money is involved, it is subject to conversion only when it can be described or identified as a specific chattel, but not where an indebtedness may be discharged by the payment of money generally." Crenshaw v. Swenson, 611 S.W.2d 886 (Tex. Civ. App.-Austin 1980, writ ref'd n.r.e.). Plaintiff's conversion claim seeks recovery only of Plaintiff's percentage of profits and proceeds from the Property.[24] Plaintiff has not alleged facts sufficient to establish a claim of conversion.

E.  Breach of Partnership Agreement

Defendant moves to dismiss Plaintiff's claim for breach of partnership agreement, arguing that Plaintiff has not "alleged that

---

[23] Document No. 3 at 3-4.

[24] Document No. 1-1 ¶¶ 28-29.

there has been 'a sale or disposition of the Gulf Freeway Property' that would entitle Defendant to compensation under the alleged executory side deal."[25]  While Plaintiff does not plead that a resale of the property has occurred, Plaintiff's complaint does allege that the partnership arrangement provided for a sharing of income "from rents, operations, and possibly sale of the Gulf Freeway Property" over a potentially long period of time. Plaintiff alleges that Defendant "has not accounted for such profits and proceeds to his partner, Shafran, and on information and belief, has kept such profits and proceeds for himself."[26]  At this stage, the issue is whether Plaintiff is entitled to offer evidence to support his claims.  *See* Scheuer, 94 S. Ct. at 1686. Plaintiff has sufficiently pled facts to state a plausible claim for relief at this stage of the proceedings, and Defendant's motion to dismiss Plaintiff's claim for breach of partnership agreement is denied.

F.   Money Had and Received

Plaintiff alleges that "Defendant Avital holds money that rightfully belongs to Shafran. . . .  Defendant Avital was obligated to pay Shafran one-third of the profits and proceeds of the Gulf Freeway Property. . . .  Avital has wholly failed and

---

[25] Document No. 3 at 6.

[26] Document No. 1-1 ¶ 31.

refused to pay such profits and proceeds to Shafran, and has instead kept such profits and proceeds for himself."[27] Defendant moves to dismiss this claim, arguing that Plaintiff fails to allege that there was any money earned under the alleged side deal.[28] According to the Fifth Circuit,

> The question, in an action for money had and received, is to which party does the money, in equity, justice, and law, belong. All plaintiff need show is that defendant holds money which in equity and good conscience belongs to him. Again, it has been declared that a cause of action for money had and received is less restricted and fettered by technical rules and formalities than any other form of action. It aims at the abstract justice of the case, and looks solely at the inquiry, whether the defendant holds money, which belongs to the plaintiff.

Bank of Saipan v. CNG Fin. Corp., 380 F.3d 836, 840 (5th Cir. 2004) (quoting Staats v. Miller, 243 S.W.2d 686, 687-88 (Tex. 1951)). Plaintiff's allegations are sufficient to state a claim that Defendant does hold money that belongs to Plaintiff.

## IV. Order

Based on the foregoing, it is

ORDERED that Defendant Itay Avital's Motion to Dismiss Under Fed. R. Civ. P. 12(b)(6) (Document No. 3) is GRANTED IN PART, and Plaintiff's claims for common law fraud by misrepresentation and by

---

[27] Id. ¶ 33.

[28] Document No. 3 at 7.

nondisclosure, and for conversion, are DISMISSED pursuant to Rule 12(b)(6), but without prejudice to Plaintiff, within fourteen (14) days after the date of this Order, repleading such claim(s) if Plaintiff can do so consistent with FED. R. CIV. P. 11(b) and 9(b); and Defendant's motion is otherwise DENIED.[29]

The Clerk will enter this Order, providing a correct copy to all counsel of record.

SIGNED in Houston, Texas, this 17th day of September, 2015.

_____
EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE

---

[29] Plaintiff prayed for an opportunity to amend any insufficiently pled claim, and leave is hereby granted although Plaintiff is not required to replead. Plaintiff's claims for an accounting, breach of fiduciary duty, breach of partnership agreement, and money had and received, all remain.